**O**

**JS-6**

cc: order, docket, remand letter to
Los Angeles Superior Court, South District,
Long Beach, No. 11 U 3719

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC MORTGAGE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TROY RICE and DOES 1–10, Inclusive, <br><br> Defendants. | Case No. 2:12-cv-02896-ODW (MRWx) <br><br> **ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

      The Court is in receipt of Defendant Troy Rice's Notice of Removal and Plaintiff HSBC Mortgage Services, Inc.'s April 9, 2012 Motion to Remand (Dkt. No. 8). Having carefully considered the papers filed in conjunction with Defendant's Notice and Plaintiff's Motion, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles Superior Court.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be

remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)). Here, Defendant does not explicitly state whether he removed this unlawful detainer action on grounds of federal question jurisdiction, 28 U.S.C. § 1331, or diversity of citizenship jurisdiction, § 1332. The Court therefore will briefly address both.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Thus, the plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law. It is settled law that a case may not be removed to federal court on the basis of a federal defense . . . ." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) (citations omitted) (internal quotation marks omitted); *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tru*st, 463 U.S. 1, 10 (1983) (an actual or anticipated federal defense is not sufficient to confer jurisdiction).

A case removed from state court should be remanded if it appears that it was removed improvidently. 28 U.S.C. § 1447(c). "Because the 'removal statutes are strictly construed against removal,' doubts about removal must be resolved in favor of remand." *Dodd v. John Hancock Mut. Life Ins. Co.,* 688 F. Supp. 564, 566 (E.D. Cal. 1988) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

To the extent Defendant contends this Court has jurisdiction over this case pursuant to § 1331, "because this is an unlawful detainer action, a federal question

does not present itself." *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011); *see also IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Additionally, the Complaint does not allege any other federal question, and any federal defense Defendant raises is irrelevant with regard to jurisdiction. Therefore, the Court does not have jurisdiction over this case under § 1331.

Defendant may alternatively contend that this Court has diversity jurisdiction over this case pursuant to § 1332. Section 1332(a) provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). Diversity jurisdiction does not exist in this matter.

For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Under the "legal certainty" standard, a federal court lacks subject matter jurisdiction under § 1332 where "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object

of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

Here, Defendant's removal papers allege that the amount in controversy "includes up to, but is not limited to, an actuary that could exceed $75,000, if so determined by plaintiff, per additional actions." (Notice of Removal 3.) However, the object of this unlawful detainer action is the fair rental value of the premises Defendant now owes Plaintiff—$100.00 per day—for remaining in a home that no longer belongs to him from October 25, 2011, through entry of judgment. (Compl. ¶¶ 6–9.) Indeed, the face of Plaintiff's Complaint indicates that Plaintiff does not demand an amount in excess of $10,000.00. Therefore, the amount in controversy in this case does not exceed $75,000.00, exclusive of interest and costs.

Finally, Plaintiff's Motion argues that Defendant's removal of this action was untimely. The Court agrees. The deadline for filing a notice of removal is "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). The 30-day time period starts to run from the defendant's receipt of the pleading that on its face states a basis for removal. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

Plaintiff initiated this action in the Los Angeles Superior Court on November 6, 2011. (Mot. 6.) Defendant appeared in this action by filing and serving an Answer on November 17, 2011. (*Id.*) Nevertheless, Defendant did not file a notice of removal until April 3, 2012—nearly five months after appearing in this action. (Dkt. No. 1.) Defendant's Notice of Removal is therefore untimely.

/ / /
/ / /
/ / /
/ / /
/ / /

In light of the foregoing, the Court hereby **REMANDS** this case to the Los Angeles County Superior Court. The May 14, 2012 hearing on Plaintiff's Motion to Remand is **VACATED**, and no appearances are necessary. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

April 10, 2012

_____
**HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**